IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GODWIN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   Case No. 25-cv-301-DWD |
| | ) |
| D. SPROUL, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on petitioner David Godwin's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institution in Marion, Illinois, and is challenging the Bureau of Prison's calculation of his sentence.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases like the one at bar.

**BACKGROUND**

Petitioner was the Chief Executive Officer of ContinuityX Solutions, Inc., an internet-services company. Between 2010 and 2013, Petitioner used his company to

defraud other businesses. Ultimately, the fraud cost the businesses over $9.3 million in losses. Petitioner pleaded guilty to one count of wire fraud and, on November 1, 2021, was sentenced to a below-guidelines term of 156 months' incarceration. See *United States v. Godwin*, No. 21-3085, 2023 WL 2445395 (7th Cir. Mar. 10, 2023). Petitioner's projected release date is February 14, 2032. *See* https://www.bop.gov/inmateloc/.

Petitioner indicates that he began his sentence on January 19, 2022, after spending 8 years on house arrest as a condition of pretrial release. Petitioner claims the Federal Bureau of Prisons has denied his requests to credit him for the 8 years he spent on home detention, and he asks the Court to order the Federal Bureau of Prisons to credit him for that time.

## ANALYSIS

Title 18 U.S.C. § 3585(b) provides that a defendant must generally "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Therefore, the question presented is whether Petitioner was in "official detention," and thus entitled to a sentence credit under § 3585(b) during the time he spent in home detention.[1]

In *Reno v. Koray*, the United States Supreme Court concluded that the phrase "official detention" in § 3585(b) refers "to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement." 515 U.S. 50, 56

---

[1] The computation of a prisoner's sentence, including the application of potential sentence credits, can be challenged in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019).

(1995)." Thus, "a defendant suffers 'detention' only when committed to the custody of the Attorney General." *Id.* at 57. In contrast, a defendant "admitted to bail on restrictive conditions" is "released" and not in official detention. *Id.* House arrest as a condition of pre-trial release does not constitute " 'official detention' within the meaning of § 3585(b)." *United States v. Wickman*, 955 F.2d 592 (8th Cir. 1992). *See also Miller v. Hastings,* 87 F. App'x 585 (7th Cir. 2004) (defendant subject to the restrictive condition of living in a VOA treatment center as a condition of pretrial release was not in "official detention"); *United States v. Harris*, 318 Fed. App'x 444, 446 (8th Cir. 2009) (citing *United States v. Wickman*, 955 F.3d at 593) ("house arrest imposed as a condition of pre-trial release is not 'official detention' within the meaning of [18 U.S.C.] § 3585(b)").

The time Petitioner spent confined to his home as a condition of pretrial release does not constitute "official detention." Accordingly, the Bureau of Prisons properly denied him credit for time spent in home detention, and his petition must be denied and dismissed with prejudice.[2]

## **CONCLUSION**

It is therefore **ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition for writ of habeas corpus is

---

[2] The Petition includes discussion about Petitioner's accomplishments while incarcerated; considerations relevant to 18 U.S.C. § 3553(a) and 18 U.S.C. § 3142(g); pretrial delays that extended time spent on home detention; and the length of his sentence as compared to other offenders. These matters, however, are not relevant to the relief which Petitioner seeks – credit for time spent on home detention. Further, to the extent that Petitioner's reference to these matters is intended to challenge the validity of his sentence, the Court cannot discern any basis on which Petitioner could permissibly use § 2241 to obtain relief. *See Jones v. Hendrix*, 599 U.S. 465 (2023); *See also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992).

**DENIED** and the action is **DISMISSED** with prejudice. The Court **DIRECTS** the Clerk to enter judgment accordingly.

    **SO ORDERED.**

Dated: May 23, 2025

                                            s/*David W. Dugan*
                                            DAVID W. DUGAN
                                            United States District Judge